IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

MAY 1999 SESSION

FILED

August 27, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. No. 03C01-9803-CR-00100 |
| Appellee, | ) | |
| | ) | Hamilton County |
| v. | ) | |
| | ) | Honorable Stephen M. Bevil, Judge |
| TRACY LEBRON VICK, | ) | |
| | ) | (Sentencing) |
| Appellant. | ) | |

FOR THE APPELLANT:

JOHNNY L. WOODRUFF
Fields & Bible, P.C.
701 Market Street, Suite 1300
Chattanooga, TN 37402

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

MARVIN S. BLAIR, JR.
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

WILLIAM H. COX, III
District Attorney General

MARK HOOTON
Assistant District Attorney General
600 Market Street, Suite 310
Chattanooga, TN 37402

OPINION FILED: _____

AFFIRMED

ALAN E. GLENN, JUDGE

# O P I N I O N

The defendant, Tracy Lebron Vick, pleaded guilty to second degree murder on December 4, 1997. Following a sentencing hearing on February 6, 1998, the trial court sentenced the defendant to forty years in prison as a multiple offender. The trial court overruled the defendant's motion to correct or reduce his sentence on March 9, 1998. The defendant timely appealed, listing two assignments of error:

> I. Did the honorable Trial Court err in imposing the maximum sentence for the offense upon the Appellant/defendant?
>
> II. Did the honorable Trial Court err in ordering that the sentence run consecutively with the Appellant/defendant's prior sentence?

Finding no error in the decision below, we affirm.

## FACTS OF THE CASE

The defendant and two armed accomplices went to the home of the victim, Ms. Melva Moore, on September 20, 1996, to rob Moore's boyfriend. The defendant went to the back door of Moore's home carrying a loaded .357 revolver with the hammer cocked. When the defendant opened the door, he met Moore on her way outside. The defendant pushed the door open with the gun and shot Moore in the chest. Moore staggered to the living room of the house where she was found dead. The defendant claimed he did not intend to shoot Moore, but Moore slammed the door on his arm and the gun went off. When he heard the shot, the defendant ran. He was arrested six days later and charged with first degree murder. The defendant pleaded guilty to second degree murder and was sentenced to forty years in prison as a multiple offender. This appeal followed.

## DISCUSSION OF LAW

> I. Did the honorable Trial Court err in imposing the maximum sentence for the offense upon the Appellant/defendant?

When the trial court finds enhancement and mitigating factors for a Class A felony,

2

this Court has held under Tenn. Code Ann. § 40-35-210(e), as it existed at the time of the crime, the presumptive sentence should begin at the midpoint of the range.[1] The trial court is then to enhance the sentence within the range as appropriate for the enhancement factors and then reduce the sentence within the range as appropriate for the mitigating factors. Tenn. Code Ann. § 40-35-210(e) (1995); State v. Chance, 952 S.W.2d 848, 851 (Tenn. Crim. App. 1997). No particular weight for each factor is prescribed by the statute, as the weight given to each factor is left to the discretion of the trial court as long as its findings are supported by the record. State v. Donnie Ray Carter, No. 02C01-9706-CC-00208, 1998 WL 47875, at *3 (Tenn. Crim. App., Jackson, Feb. 9, 1998), perm. app. denied (Tenn. 1999) (citing State v. Moss, 727 S.W.2d 229 (Tenn. 1986); State v. Santiago, 914 S.W.2d 116 (Tenn. Crim. App. 1995)).

When an appeal challenges the length, range, or manner of service of a sentence, this Court conducts a *de novo* review with a presumption that the determination of the trial court is correct. Tenn. Code Ann. § 40-35-401(d) (1997). However, this presumption of correctness is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In the event that the record fails to demonstrate such consideration, review of the sentence is purely *de novo*. Id. If appellate review reflects that the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, this Court must affirm the sentence, "even if we would have preferred a different result." State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

In the case *sub judice*, the trial court found the existence of three enhancement factors listed in Tenn. Code Ann. § 40-35-114 (1997):

> (1) The defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range;

---

[1]The Legislature amended § 40-35-210(e) effective May 7, 1998, so that for all Class A felonies the presumptive sentence must start at the midpoint of the range. Tenn. Code Ann. § 40-35-210(3) (Supp. 1998).

(8) The defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community; and

(9) The defendant possessed or employed a firearm, explosive device or other deadly weapon during the commission of the offense.

The court also found the defendant's remorse for his crime and his abusive childhood qualified as a mitigating factor under Tenn. Code Ann. § 40-35-113(13) (1997) ("Any other factor consistent with the purposes of this chapter").

The record reflects the trial court began its sentencing considerations at the midpoint of the twenty-five- to forty-year range for second degree murder. Using the three enhancement factors, the trial court raised the sentence from the thirty-two and one-half year midpoint to forty years. Although the trial court considered the one mitigating factor present, the court chose not to reduce the defendant's sentence.

Based upon our *de novo* review of the sentence with a presumption of correctness, we find the trial court's decision to sentence the defendant to the maximum term of forty years was well within its discretion. The defendant has an extensive criminal history, he committed the crime in question while on probation, and he killed Moore with a firearm. The mitigating factor in this case, the defendant's remorse and troubled childhood, is far outweighed by the three enhancement factors. Therefore, the trial court did not err in using the enhancement factors to raise the defendant's sentence to the maximum term, while refusing to lower the sentence based upon the one mitigating factor.

This assignment has no merit.

II. Did the honorable Trial Court err in ordering that the sentence run consecutively with the Appellant/defendant's prior sentence?

At the time of Moore's shooting, the defendant was on intensive probation for an earlier crime. Here, the defendant challenges the trial court's decision to order the forty-

4

year sentence to run consecutively to the ten-year sentence for the earlier crime.

Consecutive sentencing is governed by Tenn. Code Ann. § 40-35-115 (1997). This section allows consecutive sentencing, at the discretion of the trial court, if one of the seven statutory criteria is found to exist by a preponderance of the evidence. The trial court found § 40-35-115(b)(2) ("The defendant is an offender whose record of criminal activity is extensive") and § 40-35-115(b)(6) ("The defendant is sentenced for an offense committed while on probation") applied in this case.

In addition to the statutory requirements of Tenn. Code Ann. § 40-35-115, the Supreme Court has imposed three additional requirements for consecutive sentencing. First, the trial court must find consecutive sentences are reasonably related to the severity of the offenses committed. Second, the trial court must find consecutive sentences are necessary to protect the public from further criminal conduct. Third, consecutive sentences must be consistent with general principles of sentencing. State v. Wilkerson, 905 S.W.2d 933, 937-39 (Tenn. 1995).

The record reveals ample evidence supporting the trial court's decision to order consecutive sentences. The defendant has an extensive criminal history. He killed Moore while on probation. Considering the defendant's criminal history and the severity of his present crime, we find the trial court's decision to order consecutive sentencing was proper.

This assignment has no merit.

For the foregoing reasons, we affirm the decision of the court below.

_____
ALAN E. GLENN, JUDGE

CONCUR:


_____
JAMES CURWOOD WITT, JR., JUDGE



_____
JOHN EVERETT WILLIAMS, JUDGE

6